IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO LUCIANO MOSQUERA

Petitioner

v.

UNITED STATES OF AMERICA

Respondent

CIVIL NO. 96-1888(CCC)
Criminal No. 91-170-9(CCC)

ORDER

On March 5, 1999, this Court dismissed petitioner's Section 2255 Motion, judgment being entered accordingly. (Docket Nos. 21-22). Petitioner's motion for reconsideration, filed on April 5, 1999, was also unsuccessful (Docket Nos. 23-24) and, on May 25, 1999, he filed an "Application for a Certificate of Appealability" as well as a "Notice of Appeal" from the final judgment. (Docket Nos. 25-27). Accordingly, the United States Court of Appeals for the First Circuit docketed an appeal (Appeal No. 99-1766), while petitioner's requests to proceed in forma pauperis and for a certificate of appealability were referred to the district court; same were granted pursuant to endorsed order entered on September 28, 1999. (Docket Nos. 30, 32). On January 24, 2000, the Court of Appeals entered an Order requesting specification as to what issues were being certified as appealable while holding the appellate briefing schedule in abeyance pending the district court's response. (Docket No. 33). For reasons which remain unclear to this date, although the January 24, 2000 Order was timely entered on the record, it was not referred to the undersigned until eight months later,




AO 72A
(Rev.8/82)

CIVIL NO. 96-1888(CCC)                                                                                                    Page -2-
Criminal No. 91-170-9(CCC)

that is, on October 20, 2000.

      Under the provisions of 28 U.S.C. § 2253, petitioner must be granted a certificate of appealability in order to proceed with the appeal. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

      In <u>Smith v. United States</u>, 989 F. Supp. 371, 373-74 (D. Mass. 1997), the district court framed the required standard:

> Several circuits have considered this issue by asking whether the standard for the issuance of a certificate of appealability is the same as the standard for the issuance of a certificate of probable cause. The majority have concluded that the standard is the same, except that in granting a certificate of appealability a court is now required to indicate which specific issue or issues satisfy the threshold showing.
>
> In <u>Barefoot v. Estelle</u>, the Supreme Court stated that a "certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right' ... [by demonstrating] that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions 'are adequate to deserve encouragement to proceed further.'"

(citations omitted).

      We have taken the opportunity to reexamine all pleadings submitted by the petitioner and, for the reasons fully set forth in the Opinion and Order of December 17, 1998 (Docket No. 21), have reconsidered our determination as to certification of the issues presented as appealable and instead find that petitioner has not made a substantial showing of the denial of a constitutional right.

CIVIL NO. 96-1888(CCC)  Page -3-
Criminal No. 91-170-9(CCC)

WHEREFORE, a certificate of appealability should not issue in this action; petitioner's Motion (Docket No. 25) is thus DENIED. The endorsed order (Docket No. 28), as it pertains petitioner's Motion for Certificate of Appealability (Docket No. 25), is therefore VACATED in part.

Petitioner is advised that Local Rule 22.1(a) of the United States Court of Appeals for the First Circuit states that "the procedure set forth in Fed. R. App. P. 22(b) shall apply to requests for certificates of appealability in actions under ... 28 U.S.C. § 2255."

This Court having reconsidered and denied the application for issuance of a certificate of appealability, a request for a certificate of appealability should now be filed promptly before the Court of Appeals. The application before the Court of Appeals shall be "accompanied by a copy of the district court's order and a memorandum giving specific and substantial reasons, and not mere generalizations, why a certificate should be granted ... If no sufficient memorandum has been filed by that time, the certificate may be denied without further consideration. The effect of a denial is to terminate the appeal." Loc. R. 22.1(c) (emphasis supplied).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of October, 2000.

CARMEN CONSUELO CEREZO
U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)